UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON JESSIE BLACHER, CDCR No. G50077, HCSO No. 2020-23339,<br><br>Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden, et al.,<br><br>Respondent(s). | Case No. 20-cv-07057-CRB  (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF Nos. 2 & 4) |

Petitioner, a state prisoner at the Richard J. Donovan Correctional Facility (RJD) in San Diego, California (but temporarily in the custody of Hillsborough County Sheriff's Office (HCSO) awaiting Florida criminal charges) pursuant to a 2009 judgment from Contra Costa County Superior Court, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California state courts' denial of his motion/petition for resentencing pursuant to California Penal Code § 1170.95 and various conditions of confinement at RJD. Petitioner seeks appointment of counsel and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner was convicted by a jury in Contra Costa County Superior Court of first-degree felony murder, two counts of attempted second-degree robbery and one count of second-degree commercial burglary. On February 6, 2009, the court sentenced petitioner to 25 years to life in state prison. Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, and unsuccessfully sought collateral relief from the state courts. He also sought federal habeas relief from this court, but his petition for a writ of habeas corpus under § 2254 was denied on the merits on September 22, 2015. See Blacher v. McEwen, No. 12-cv-4775-RMW (N.D. Cal. Sept. 22, 2015) (order denying petition for a writ of habeas corpus under § 2254 on the merits).

Petitioner next filed several unsuccessful motions/petitions in the state courts, and in this court, seeking resentencing pursuant to various new state law provisions. His most recent motion/petition for resentencing pursuant to California Penal Code § 1170.95 was denied in a reasoned decision by the Contra Costa County Superior Court on February 14, 2019 and summarily denied by the California Court of Appeal and Supreme Court of California on September 25, 2019 and January 2, 2020, respectively. Petitioner now seeks from this court a writ of habeas corpus under § 2254 invalidating the state courts' denial of his motion/petition for resentencing pursuant to California Penal Code § 1170.95.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. The petition accordingly may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B. Claim & Analysis

California Senate Bill 1437, which became effective on January 1, 2019, amended California Penal Code sections 188 and 189 to restrict the circumstances under which a participant in an underlying offense may be found guilty of murder on a felony-murder or natural-and-probable-consequence theory. Section 1(f) of Senate Bill 1437 makes clear that murder liability should not be imposed under "the felony murder rule [or] the natural and probable consequences doctrine . . . on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." The bill created a statutory provision, California Penal Code § 1170.95, allowing sentencing courts to grant retroactive relief to criminal defendants convicted of murder who do not meet the newly restricted criteria.

2

Section 1170.95(a) provides:

> A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:
>
> (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.
>
> (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of first degree or second degree murder.
>
> (3) The petitioner <u>could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019</u>.

Cal. Penal Code § 1170.95(a) (emphasis added).

The Contra Costa County Superior Court denied petitioner's motion for resentencing pursuant to section 1170.95 because petitioner "cannot satisfy the third condition of Penal Code section 1170.95(a) – that he 'could not be convicted of first or second degree murder because of changes to Sections 188 or 189 made effective January 1, 2019." People v. Blacher, No. 5-080631-5, slip op. at 8 (Cal. Super. Ct. Feb. 14, 2019) (order). The court explained:

> The record in this case is clear that any reasonable trier of fact, properly instructed under the current law, would reach a guilty verdict on a charge of first degree murder. (*Cf. In re Bennett* (2018) 26 Cal.App.5th 1002, 1118 ["In habeas corpus challenge to the sufficiency of evidence to support a special circumstance finding, the standard of review is whether, when evidence that is reasonable, credible, and of solid value is viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the allegation beyond a reasonable doubt. The standard is the same under the state and federal due process clauses"] (internal quotation marks, citation, and ellipses omitted).)
>
> Under § 189(e)(1), any reasonable jury would reach a guilty verdict on the charge of first degree murder, because the defendant "was the actual killer." (§ 189(e)(1).) On appeal, defendant did not dispute that he punched the victim when the victim attempted to stop him as he fled with the stolen property. The Court of Appeal concluded that the killing occurred during the perpetration of an attempted robbery. (*People v. Blacher*, 2010 Cal. App. Unpub. LEXIS 9525 at *12, 21[,] 29.) After being hit with such force as to life the victim off his feet and knock him onto his back, the victim died four days later without

3

|   |   |
|---|---|
| 1 | regaining consciousness.  (*Id.*, at *3.)  There was no question that "a death occurred" as a direct result of defendant's acts.  (Penal Code § 189(a), (e).) |

People v. Blacher, slip op. at 8.  The California Court of Appeal and Supreme Court of California summarily denied petitioner's subsequent petitions for resentencing under section 1170.95.

      Petitioner's claim that the California state courts' denial of his motion/petition for resentencing pursuant to California Penal Code § 1170.95 somehow violated his federal rights is without merit.  It is well established that federal courts must defer to the state courts' interpretation of state sentencing laws.  See Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  A state court's misapplication of state sentencing law may violate due process only if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process [violation]."  Richmond v. Lewis, 506 U.S. 40, 50 (1992).  Here, the superior court found that petitioner was not eligible for resentencing pursuant to section 1170.95 because he could not satisfy one of the conditions for relief – that he could not be convicted of first-degree murder because of the changes to section 189 made effective January 1, 2019.  The court noted that the record made clear that under current section 189 "any reasonable jury would reach a guilty verdict on the charge of first degree murder, because [petitioner] 'was the actual killer.'"  People v. Blachar, slip op. at 8 (quoting Cal. Penal Code § 189(e)(1)).  The superior court's application of California sentencing law was neither erroneous nor "so arbitrary or capricious as to constitute an independent due process [violation]."  Richmond, 506 U.S. at 50.  Section 189 now reads that "[a] participant in the perpetration or attempted perpetration of a felony listed in subsection (a) in which a death occurs is liable for murder" only if one of three conditions are proven.  Cal. Penal Code § 189(e).  The first listed condition is that "[t]he person was the actual killer."  Id. § 189(e)(1).  Petitioner is not entitled to federal habeas relief on his challenge to the state courts' denial of his motion/petition for resentencing under California Penal Code § 1170.95.  Accord Cole v. Sullivan, No. 19-cv-10558-JVS-JC, 2020 WL 4905528, at *6 (C.D. Cal. Aug. 19, 2020) (state court's determination that petitioner was not eligible to be resentenced pursuant to § 1170.95 because record showed that he was actual killer in his case was

not arbitrary or capricious and therefore did not deprive petitioner of due process); Esparza v. Lizarraga, No. 17-cv-03168-AB-MAA, 2019 WL 5589040, at *3 (C.D. Cal. Oct. 28, 2019) (resentencing claim pursuant to § 1170.95 presents question of state law not cognizable on federal habeas review).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED and the accompanying motion for appointment of counsel (ECF No. 2) is DENIED.[1]

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF No. 4) is GRANTED.

**IT IS SO ORDERED**.

Dated: December 11, 2020

CHARLES R. BREYER
United States District Judge

---

[1] To the extent petitioner also raises new or successive claims challenging his 2009 conviction and sentence from Contra Costa County Superior Court, the claims are dismissed without prejudice to refiling if he obtains an order from the Ninth Circuit authorizing this court to consider the claims. See 28 U.S.C. § 2244(b)(3)(A). This court is "without power" to entertain a second or successive petition unless the petitioner first receives authorization from the court of appeals. Chades v. Hill, 976 F.3d 1055, 1056-57 (9th Cir. 2020).
And to the extent petitioner raises claims challenging the conditions of confinement at RJD, the claims are dismissed without prejudice to bringing in a civil rights complaint under 42 U.S.C. § 1983. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").